O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN SULLIVAN, an individual; DAVID LILLEY, an individual, | Case No.  2:18-cv-04800-DDP-GJS |
| Plaintiff, | **ORDER RE: MOTIONS IN LIMINE** |
| v. | [Dkt. 105-108, 112-114, 116, 127] |
| NUTRIBULLET, L.L.C., a California Limited Liability Corporation; CAPITAL BRANDS, L.L.C., a California Limited Liability Corporation; HOMELAND HOUSEWARES, L.L.C., a California Limited Liability Company; CALL TO ACTION, L.L.C., a California Limited Liability Company; NUTRILIVING, L.L.C., and DOES 1 through 10, inclusive, Defendants. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Presently before the court are motions in limine filed by Plaintiffs Karen Sullivan and David Lilley ("Plaintiff") and Defendants NutriBullet, LLC, Capital Brands, LLC, Homeland Housewares, LLC, Call To Action, LLC, and NutriLiving, LLC (collectively, "Defendants"). (Dkt. 105-108, 112-114, 116, 127.) Having considered the parties' submissions, the court adopts the following Order:

Plaintiffs' Motion in Limine #1 (Dkt. 112) is GRANTED, in part, insofar as Plaintiffs are pursuing their design defect claim exclusively under the consumer expectations test. If Plaintiffs pursue or present evidence of the design under the risk-benefit test, nothing in this Order shall prevent Defendants from presenting evidence pertaining to that theory. Defendants may introduce evidence describing in general terms, the components of the product and how they fit and work together. Defendants shall not introduce evidence about the risks or benefits of the design, unless, as noted above, Plaintiffs pursue that theory of liability.

Plaintiffs' Motion in Limine #2 (Dkt. 113) is GRANTED. Such evidence is irrelevant to Plaintiffs' design defect claim under the consumer expectations test, and shall not be introduced in relation to that claim. Should Plaintiffs pursue their design defect claim under the risk-benefit test, nothing in this Order shall prevent Defendants from presenting such evidence.

Plaintiffs' Motion in Limine #3 (Dkt. 114) is DENIED.

Plaintiffs' Motion in Limine #4 (Dkt. 116) is RESERVED for trial.

2

1    Defendants' Motion in Limine #1 (Dkt. 108) is DENIED.  Dr. Brani's testimony shall be

2    limited to the opinions set forth in his initial report.  He may not refer to any additional

3    opinions or testing set forth in his untimely supplemental report.

4

5    Defendants' Motion in Limine #2 (Dkt. 105) is GRANTED, in part.  Plaintiffs shall not

6    refer to any prior incidents, complaints, or lawsuits involving Defendants' products.  The

7    court reserves as to the use of prior incidents for purposes of impeachment. Cooper v.

8    Firestone Tire & Rubber Co., 945 F.2d 1103, 1105 (9th Cir. 1991).  Plaintiffs must obtain

9    leave of the court prior to any such use.

10

11   Defendants' Motion in Limine #3 (Dkt. 106) is GRANTED.

12

13   Defendants' (SEALED) Motion in Limine #4 (Dkt. 127) is GRANTED.

14

15   Defendants' Motion in Limine #5 (Dkt. 107) is RESERVED for trial.  Should Plaintiffs

16   pursue a punitive damages claim, Defendants shall be permitted to present evidence,

17   including risk-benefit evidence, general product safety data, and other evidence

18   responsive to that claim.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28                                              3

1    **IT IS SO ORDERED.**

2

3    Dated: August 16, 2022

4

5

6

7                                          DEAN D. PREGERSON

8                                 UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          4